Chief Justice J. JONES,
concurring in the result.
I concur in the result of the Court’s opinion. My reservations about fully concurring are: (1) my preference would be to refer to Mr. Garcia as an “undocumented alien,” which might be an exercise in political correctness but not unwarranted given the charged atmosphere on immigrants that currently exists in the country; (2) I would forego the discussion of the declaration/affidavits because, although they were arranged awkwardly, they are largely irrelevant to the determination of the contract claim at issue here; and (3) I see no need to base the opinion on the ground of illegality, which could cause some confusion amongst members of the Bar in future cases. I would affirm the district court based on the fact that the plaintiffs failed to adequately establish the terms of any contract between them and the defendants. The bail contract is not contained in the record. There is no indication as to how the oral contract alleged by the plaintiffs might have been affected by the bail contract. The terms of the oral contract are presented with less than clarity. Further, the district court observed:
I can understand a cause of action to refund the bond premium and attorney’s fees and costs for that bond premium. I don’t know that this Court or any court in the *624 United States could enter an order for consequential damages because an undocumented alien who an immigration hold was placed on by ICE lost his job, That’s not the bondsman’s fault for doing that.
Thus, the district court properly held that any claimed breach of the alleged oral contract was not the proximate cause of any consequential damages claimed by the plaintiffs.
Justice BURDICK concurs.